IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING WITHOUT PREJUDICE** |
| ) | **GOVERNMENT'S MOTION TO DEPOSE** |
| vs. ) | **WITNESSES PRIOR TO TRIAL** |
| ) | |
| Jan Matejka, ) | |
| ) | Case No. 4:11-cr-080 |
| Defendant. ) | |

Before the Court are: (1) the Government's motions to take the depositions of Stanislava Nechanicka (Nechanicka) and Petr Nechanicky (Nechanicky); and (2) Defendant Jan Matejka's (Matejka) motion to quash. For the reasons set forth below, Matejka's motion is granted and the Government's motions are denied.

I. **BACKGROUND**

Jan Matejka, a native of the Czech Republic and permanent resident of the United States, is charged in an indictment with, *inter alia*, the attempted transport of two alleged illegal aliens, Nechanicka and Nechanicky. He has been released on bond pending trial on September 27, 2011, in Bismarck. He presently resides in Chicago, Illinois.

Nechanicky and Nechanicka are citizens of the Czech Republic. Nechanicka is charged in Case No. 4:11-mj-63 with the misdemeanor offense of improper entry. Nechanicky is charged in the above-entitled action with the offenses of improper entry, making false statements, and conspiring with Matejka to transport an illegal alien. Both have been remanded to the custody of the Attorney General pending resolution of their criminal charges.

1

Nechanicky and the Government have entered into a plea agreement which provides, in relevant part, that the Government will recommend a sentence of "time served" upon Nechanicky's entry of guilty pleas to the charged offenses. Nechanicky has consented to the preparation of a Pre-Sentence Investigation Report (PSIR). Once the Pretrial Services Office completes this report, the Court will schedule Nechanicky's change of plea and sentence hearing.

The Court has been advised that Nenchanicka has also executed a plea agreement contemplating a sentence of time served. The agreement has yet to be filed.

On July 28 and August, 1, 2011, the Government filed motions requesting leave of court to depose Nechanicka and Nechanicky in Bismarck on August 30, 2011. It avers that Nechanicka and Nechanicky: (1) can provide material evidence relevant to Matejka's pending charges; (2) are willing to submit to a deposition; and (3) will likely to be deported as soon as their pending criminal charges are resolved making it impractical to secure their presence at trial.

On August 8, 2011, Matejka filed a response in opposition to the Government's motion. He asserted that Nechanicky and Nechanicka should be available to testify at his trial despite the anticipated resolution of their criminal cases as they will be held pursuant to administrative detainers filed by Immigrations and Customs Enforcement until their immigration matters are resolved. He further suggested that the Government can ensure their presence at trial through the issuance of material witness warrants. Finally, in the event the Court is inclined to grant the Government's request and allow the depositions to go forward, he asks that the Government bear the costs of transportation and subsistence to allow him to return to North Dakota for purposes of attending the depositions.

On August 9, 2011, Nechanicky filed a response to the Government's motion. He consented to the deposition proposed by the Government and further requested an expedited consideration of his plea agreement.

II. **LEGAL DISCUSSION**

Rule 15(a) of the Federal Rules of Criminal Procedure provides that, in exceptional circumstances, the court may order that a prospective witness be deposed in order to preserve testimony for trial. Fed. R. Crim. P. 15(a); see also United States v. Drogoul, 1 F.3d 1546, 1552 (11th cir. 1993) ("Whether to authorize depositions is a decision committed to the discretion of the district court . . . ."); United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984) (same). To establish that exceptional circumstances exist, a party seeking leave to depose a prospective witness bears the burden of demonstrating that (1) the witness is unavailable for trial and (2) the witness's testimony is material. United States v. Liner, 435 F.3d 920, 924 (8th Cir. 2006).

The Government has not sustained its burden of demonstrating that the proposed deponents are unavailable for trial. Nechanika and Nechanicky are in custody of the Attorney General and are presently available.

The Court does not share Nechanicky's optimism that his case can be wrapped up in short order. The court will not be scheduling a change of plea and sentencing hearing for Nechanicky until the PSIR is completed. Nechanicky consented to the preparation of a PSIR on July 28, 2011. The Pretrial Services Office requires approximately sixty (60) days to prepare and circulate a PSIR. Thus, it seems unlikely that Nechanicky's case can be disposed of prior to September 27, 20011, the date on which Matejka's trial is scheduled to commence.

3

As for Nechanicka's case, the parties have yet to formally file a plea agreement. Until such an agreement is filed and the Court accepts Nechanick's plea, her case cannot proceed to sentencing either.

The Court concludes that the present circumstances are not so exceptional as to warrant the need for depositions of Nechanicka or Nechanicky prior to the trial scheduled for September 27, 2011. At this point in time, the unavailability of Nechanicka and Nechanicky exists only as a hypothetical which is insufficient for purposes of Rule 15. Further, the Government has a means at its disposal of ensuring Nechanicky's and Nechanicka's presence at trial–the issuance of material witness warrants.

### III. CONCLUSION

Matejka's motion to quash (Docket No. 30) is **GRANTED** and the Government's motions to take the depositions of Nechanicka and Nechanicky (Docket Nos. 22 and 23) are **DENIED WITHOUT PREJUDICE**. The Government may renew its motion in the event that Matejka's trial is continued.

Dated this 25th day of August, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court